```
McGREGOR W. SCOTT
United States Attorney
MARK E. CULLERS
KIRK E. SHERRIFF
Assistant U.S. Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>ORGANIC PASTURES DAIRY COMPANY LLC, and MARK L. McAFEE,<br><br>              Defendants. | CASE NO:  1:08-CR-00448 SMS<br><br>PLEA AGREEMENT BETWEEN ORGANIC PASTURES DAIRY COMPANY LLC AND THE UNITED STATES |

     Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGregor W. Scott, the United States Attorney for the Eastern District of California, and Assistant United States Attorneys Mark E. Cullers and Kirk E. Sherriff; and defendant ORGANIC PASTURES DAIRY COMPANY LLC ("ORGANIC PASTURES") and its attorney, David G. Cox, David G. Cox Law Firm, have agreed as follows:

     **1.**    **Complete Agreement**

     This document contains the complete Plea Agreement ("Agreement") between the United States Attorney's Office for the Eastern District

of California ("United States") and defendant ORGANIC PASTURES regarding this case. This Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**2. Charges**

Defendant acknowledges that it will be charged in an Information as follows:

<u>Counts One & Two</u>:    Misdemeanor introduction and delivery for introduction into interstate commerce of misbranded food, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(1).

**3. Nature, Elements and Possible Defenses**

Defendant has reviewed the charges against it contained in the Information, and those charges have been fully explained to it by its attorney. Further, defendant fully understands the nature and elements of the crime in the Information to which it is pleading guilty, together with the possible defenses thereto, and has discussed them with its attorney.

The elements of the crime of Introduction and Delivery for Introduction into Interstate Commerce of Misbranded Food are:

First,    that the defendant caused food, unpasteurized raw milk products, to be introduced or delivered for introduction into interstate commerce that was labeled as, or otherwise represented to be, pet food; and

Second,   that the food was misbranded as described at 21 U.S.C. § 343(a) when so introduced or delivered into

1 interstate commerce, in that it was falsely labeled as
2 "pet food" when it was actually intended for human
3 consumption.

**4. Agreements by the Defendant**

(a) Defendant agrees that this Agreement shall be filed with the court and become a part of the record of the case.

(b) Defendant agrees to enter a plea of guilty to the Information which charges it with misdemeanor Introduction and Delivery for Introduction into Interstate Commerce of Misbranded Food, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(1).

(c) Defendant agrees that, at or before the entry of plea proceeding, it will sign a written waiver of prosecution by indictment and will consent to proceed by information rather than by indictment.

(d) Defendant understands and agrees that it will not be allowed to withdraw its plea should the Court fail to follow the government's sentencing recommendations.

(e) Defendant expressly agrees that:

    i. It will comply with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, and the Public Health Service Act, 42 U.S.C. § 201 *et seq.*, and their implementing regulations, and with all federal, state, and local laws pertaining to unpasteurized raw milk and raw milk products;

    ii. It will immediately cease introducing or causing to be introduced into interstate commerce, and cease delivering or causing to be delivered for introduction

into interstate commerce, any unpasteurized raw milk or raw milk products, as defined at 21 C.F.R. § 1240.3(i) and (j), including without limitation any products containing raw milk, regardless of how labeled, described, represented, or designated (hereafter, "unpasteurized raw milk or raw milk products"), unless specifically authorized in writing by the Federal Food and Drug Administration ("FDA") in advance of any such introduction or delivery for introduction into interstate commerce;

iii. Within fifteen (15) calendar days of entry of the guilty plea in this case: (i) defendant will provide notice in writing to all employees, agents, officers, and board members of ORGANIC PASTURES, instructing them to immediately cease offering to introduce, introducing, or causing to be introduced into interstate commerce, and to immediately cease delivering or causing to be delivered for introduction into interstate commerce, any unpasteurized raw milk or raw milk products, unless specifically authorized in writing by the FDA in advance of any such introduction or delivery for introduction into interstate commerce, and (ii) it will provide a copy of such written notice(s) to the United States Attorney's Office;

iv. Within thirty (30) calendar days of entry of the guilty plea in this case: (i) defendant will provide notice in writing to all out-of-state persons or

        entities, including without limitation all customers, to whom ORGANIC PASTURES or any agent thereof, sold, delivered, or caused to be delivered any unpasteurized raw milk or raw milk products, within one year prior to the entry of the guilty plea in this case, confirming that ORGANIC PASTURES will immediately cease offering for introduction, introducing, or causing to be introduced into interstate commerce, and will immediately cease delivering or causing to be delivered for introduction into interstate commerce, any unpasteurized raw milk or raw milk products, unless specifically authorized in writing by the FDA in advance of any such introduction or delivery for introduction into interstate commerce, and (ii) it will provide a copy of such written notice(s) to the United States Attorney's Office;

    v.    Within fifteen (15) calendar days of entry of the guilty plea in this case, defendant will post a written notice on ORGANIC PASTURES' web site confirming that ORGANIC PASTURES will no longer offer for introduction, introduce, or cause to be introduced into interstate commerce, or deliver or cause to be delivered for introduction into interstate commerce, any unpasteurized raw milk or raw milk products, unless specifically authorized in writing by the FDA in advance of any such introduction or delivery for introduction into interstate commerce; and

        vi.  Defendant will permit representatives of the FDA, without prior notice and as and when the FDA deems necessary, to make inspections of defendants' dairy operations, including any new locations. Such inspections may include the examination and copying of any sales or inventory records relating to any unpasteurized raw milk or raw milk products. Such inspections shall be permitted upon presentation of a copy of this Agreement and appropriate credentials. Such inspection authority granted by this Agreement is apart from, and in addition to, any FDA authority to make inspections under the Act, 21 U.S.C. § 374. Upon request by the United States, ORGANIC PASTURES shall also promptly provide to the United States any information and records regarding the out-of-state sale, shipment, and/or delivery of any unpasteurized raw milk or raw milk products.

    (f)  Defendant further understands and agrees that this Agreement does not address or limit, in any respect, any civil and/or regulatory claims of the United States or any agency thereof.

    (g)  Defendant agrees to cooperate fully with the United States for purposes of determining its compliance with the terms of this Agreement, and with any other federal, state, or local law enforcement agency, as directed by the United States. As used in this Plea Agreement, "cooperation" requires defendant: (1) to respond, through a duly authorized representative, truthfully and completely to all questions, whether in interviews, in correspondence, telephone conversations, before a grand jury, or at

any trial or other court proceeding; (2) to produce voluntarily any and all documents, records, or other tangible evidence requested by the United States; and (3) not to participate in any criminal activity while cooperating with the United States.

(h) Defendant knowingly and voluntarily waives its Constitutional and statutory rights to appeal its plea, conviction, and sentence. This waiver of appeal includes, but is not limited to, an express waiver of defendant's right to appeal its plea, conviction, and sentence on any ground, including the waiver of any appeal right conferred by 18 U.S.C. § 3742. Defendant further agrees not to contest its plea, conviction, or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. §§ 2241 or 2255.

(i) Defendant further acknowledges that its plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce defendant to plead guilty.

(j) Defendant agrees to waive all rights under the "Hyde Amendment," Pub. L. No. 105-109, § 617, 111 Stat. 2519 (1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

**5. Agreements by the United States**

(a) In exchange for defendant's guilty plea and willingness to (i) acknowledge responsibility for its conduct and for the conduct of

1  ORGANIC PASTURES' agents and employees, as detailed in the Factual
2  Basis; (ii) cooperate with the United States; (iii) demonstrate its
3  future good conduct and full compliance with the Federal Food, Drug,
4  and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, and the Public Health
5  Service Act, 41 U.S.C. § 201 *et seq.*, and their implementing
6  regulations; and (iv) implement remedial measures, including without
7  limitation the remedial measures listed in Section 4 above; the
8  government agrees not to oppose defendant's request that sentencing
9  in this matter be continued for twenty-four (24) months.  If
10 defendant abides by the conditions set forth in this Agreement, the
11 United States will not oppose defendant's motion to withdraw the plea
12 and will enter a *nolle prosequi* in the case at the time of
13 sentencing.
14     (b)  Except in the event of a breach of this Agreement, the
15 United States agrees that it will not bring any additional charges
16 against defendant arising from the facts, and within the time period,
17 contained in the Factual Basis set forth in this Agreement.
18 Defendant understands and acknowledges that this Agreement does not
19 relate to or cover any conduct by defendant other than the conduct
20 set forth in the Factual Basis.
21     (c)  Defendant acknowledges and understands that the United
22 States makes no other representations to it.
23     **6.   Breach of Agreement**
24     (a)  Defendant agrees that if it fails to comply with any of the
25 provisions of this Agreement, makes false or misleading statements
26 before the Court, commits any further violations of the Federal Food,
27 Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, the Public Health
28 Service Act, 41 U.S.C. § 201 *et seq.*, or their implementing

regulations, or attempts to withdraw the plea in a manner other than provided for in Section 5 above, the government will have the right to characterize such conduct as a breach of this Agreement. Moreover, if during an investigation or prosecution defendant should commit any act of contempt, or obstruct justice, the government may prosecute it for these offenses to the fullest extent provided by law.

(b)   In the event of a breach of this Agreement, (i) the government will be free from its obligations under the Agreement and may take whatever position it believes appropriate as to defendant's sentence (for example, should defendant commit any conduct after the date of this agreement that would form the basis for an increase in defendant's offense level or justify an upward departure – examples of which include, but are not limited to, obstruction of justice and criminal conduct while pending sentencing – the government is free under this Agreement to seek an increase in the offense level based on that post-Agreement conduct); (ii) defendant will not have the right to move to withdraw the guilty plea; (iii) defendant shall be fully subject to criminal prosecution for any other crimes which it has committed or might commit, if any, including but not limited to obstruction of justice; and (iv) the government will be free to use against defendant, directly and indirectly, in any criminal or civil proceeding, any of the information or materials provided by defendant pursuant to this Agreement.

(c)   In the event of a dispute as to whether defendant has breached this Agreement, and if defendant so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the

government prior to, during, or after the execution of the Agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

**7.     Factual Basis**

Defendant will plead guilty because it is in fact guilty of the crimes set forth in Counts One and Two of the Information. Defendant also agrees that the following are the facts of this case, although it acknowledges that, as to other facts, the parties may disagree:

> On October 10, 2007, one or more of defendant Organic Pastures' agents or employees, with the knowledge and consent of Organic Pastures, caused a box of raw milk and dairy products, labeled as or otherwise represented to be "pet food," to be sent by defendant Organic Pastures from Fresno, California to Renton, Washington, knowing that the intended use of such foods and/or dietary supplements was for human consumption. The box contained one ½ gallon of unpasteurized raw whole milk and one ½ gallon of unpasteurized raw Super Choco Colostrum. The invoice number was #356546557.

> On October 16, 2007, one or more of defendant Organic Pastures' agents or employees, with the knowledge and consent of Organic Pastures, caused one box of raw milk and dairy products, labeled as or otherwise represented to be "pet food," to be sent by defendant Organic Pastures from Fresno, California to Reno, Nevada, knowing that the intended use of such foods and/or dietary supplements was for human consumption. The box contained one ½ gallon of unpasteurized raw whole milk and one pint of unpasteurized raw colostrum. The invoice number was #165465524.

> These products were foods and/or dietary supplements, and were misbranded when so introduced into or delivered for introduction into interstate commerce, in that they were falsely and misleadingly labeled as, or otherwise represented to be "pet food," when they were actually intended for human consumption, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(1).

///

8. **Potential Sentence**

The following is the maximum potential sentence that defendant faces:

Count One:

(a) Probation.

Maximum: Five (5) years probation.

(b) Fine.

Maximum: Two Hundred Thousand Dollars ($200,000.00).

(c) Both such probation and fine.

(d) Restitution - Mandatory.

(e) Penalty Assessment.

Mandatory: One Hundred Twenty-Five Dollars ($125.00).

Count Two:

(a) Probation.

Maximum: Five (5) years probation.

(b) Fine.

Maximum: Two hundred Thousand Dollars ($200,000.00).

(c) Both such probation and fine.

(d) Restitution - Mandatory.

(e) Penalty Assessment.

Mandatory: One Hundred Twenty-Five Dollars ($125.00).

///
///
///
///
///
///

**9.  <u>Waiver of Rights</u>**

(a)  Defendant understands that by pleading guilty it is waiving certain rights, including the following:  (i) to plead not guilty and to persist in that plea if already made; (ii) to have a trial at which it would be presumed not guilty of the charges and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty; (iii) to be represented at trial by an attorney; (iv) to subpoena witnesses to testify on its behalf; and (v) to confront and cross-examine witnesses against it.

(b)  If defendant ever attempts to vacate its plea, dismiss the underlying charges, or reduce or set aside its sentence on any count(s) to which it is pleading guilty (other than as provided in Section 5 above), the United States shall have the right (i) to prosecute defendant on any and all count(s) to which it pleaded guilty, (ii) to reinstate any counts that may be dismissed pursuant to this Agreement, and (iii) to file any new charges that would otherwise be barred by this Agreement.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By signing this Agreement, defendant agrees to waive any objections, motions, and defenses it might have to the government's decision.  Defendant specifically agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(c)  Defendant understands that by pleading guilty it is waiving all of the rights set forth above.  Defendant acknowledges that its

attorney has explained to it those rights and the consequences of its waiver of such rights.

**10. <u>Right to Counsel</u>**

Defendant understands that it has a right to counsel throughout its case from its initial appearance through its trial or guilty plea, or any dismissal of the case against it, and through and including any sentencing.  If not for the waiver of appeal rights in this Agreement, defendant would also have a right to counsel on a direct appeal in its case.

**11. <u>Entire Agreement; Voluntary Plea</u>**

(a)  Other than this Agreement, no agreement, understanding, promise, or condition exists between the United States and defendant. Nor will any such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by defendant, counsel for defendant, and counsel for the United States.  This Agreement supersedes any prior promises, agreements, or conditions between the United States and defendant.

(b)  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of any promises apart from those specifically set forth in this Agreement.

**12. <u>Court not a Party</u>**

(a)  It is understood by the parties that the sentencing Court is neither a party to nor bound by this Agreement.  Sentencing is a matter solely within the discretion of the Court.  The Court is under no obligation to accept any recommendations made by the United States, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum set forth in Section 8 above.

(b) Defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 543 U.S. 220, 125 S. Ct. 738 (2005)), and must take them into account when determining a final sentence. Defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

(c) In making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the Information. If the Court should impose any sentence up to the statutory maximum, defendant understands that it cannot for that reason withdraw its guilty plea, and it will remain bound to fulfill all of the obligations under this Agreement. Defendant understands that neither the prosecutor, defense counsel, nor the Court can make or have made any promise regarding the sentence defendant will receive.

**13. Presentence Report**

Defendant understands that the United States Probation Office is not a party to this Agreement and will conduct an independent investigation of defendant's activities and its background. It will then prepare a presentence report which it will submit to the Court as its independent sentencing recommendation. In addition, the United States will fully apprise the Probation Office, as well as the Court, of the full and true nature, scope and extent of the defendant's criminal activities, including information on its background and criminal history.

APPROVALS AND SIGNATURES

A. ORGANIC PASTURES DAIRY COMPANY LLC: I, Mark L. McAfee, a duly authorized representative of Organic Pastures Dairy Company LLC, hereby expressly acknowledge the following: (1) I have read this entire Agreement; (2) I have had an opportunity to discuss this Agreement fully and freely with Organic Pastures Dairy Company LLC's attorneys; (3) Organic Pastures Dairy Company LLC fully and completely understands each and every one of its terms; (4) Organic Pastures Dairy Company LLC is fully satisfied with the advice and representation provided to it by its attorneys; and (5) Organic Pastures Dairy Company LLC has signed this agreement voluntarily.

Dated: 12-01-08

Mark L. McAfee
President
ORGANIC PASTURES DAIRY COMPANY LLC

B.  **Defense Counsel**:  The undersigned is counsel for ORGANIC PASTURES DAIRY COMPANY LLC.  In connection with such representation, I acknowledge that:  (1) I have discussed this Agreement with my client; (2) I have fully explained each one of the Agreement's terms to my client; (3) I have fully answered each and every question put to me by my client regarding the Agreement; and (4) I believe my client completely understands all of the Agreement's terms.

Dated: 11/26/08

DAVID G. COX
~~LANE, ALTON & HORST LLC~~
David G. Cox Law Firm
Attorneys for Defendant
Organic Pastures Dairy Company LLC

C.  **Attorney for United States**:  I accept and agree to this Agreement on behalf of the government.

Dated: 12/19/08

McGREGOR W. SCOTT
United States Attorney

By: 
MARK E. CULLERS
KIRK E. SHERRIFF
Assistant U.S. Attorneys